MARY G. WHELAN, RESPONDENT, v. THE FIRST MECHANICS NATIONAL BANK OF TRENTON, APPELLANT.

Argued May 4, 1937—Decided June 3, 1937.

Before Justices LLOYD, CASE and DONGES.

For the respondent, *Howard K. Shaw.*

For the appellant, *Scammell, Knight & Reese.*

LLOYD, J.   The plaintiff's action was to recover the sum of $500 deposited in the defendant bank in the name of Harry A. Walsh, trustee; it being claimed that the moneys so deposited by Walsh were the property of the plaintiff.   The defendant's claim was that the moneys were not the property of the plaintiff, but belonged to H. Clifford Whelan, husband of the plaintiff, and that as such had been appropriated by the defendant in liquidation of Whelan's indebtedness to the bank.

The court, sitting without a jury, gave judgment for the plaintiff and defendant appeals, setting out fourteen determinations with which it is dissatisfied, and under them contending that the plaintiff was without right to maintain the action, that the court was without jurisdiction to entertain it, and that the ultimate determination in favor of the plaintiff was error.

From the agreed state of the case it appears that H. Clifford Whelan, husband of the plaintiff, on June 18th, 1936, came to the bank and there turned over to Walsh $500 of his bonus money "with the request that Walsh take care of the money for his [Whelan's] wife."   He further testified that he was preparing to go on a sea voyage, working on a ship, and wanted to leave the money behind for his "wife and kids."

It further appeared that Whelan was indebted to the bank in a sum exceeding the deposit and that the $500 was applied in liquidation of this indebtedness, and the indebtedness pleaded as a set-off against plaintiff's claim.

It is first contended by appellant that the money was originally the property of the husband and that the evidence was not sufficient to establish a gift from him through a trustee to his wife.   That a gift *inter vivos* may be extracted from the proofs we think is fairly clear.   The donor, husband and father of children, was expecting to be absent from his home and was leaving a sum of money in the custody of his friend for his wife to be used by her for the family needs.   There was the donative purpose and the urgent reason therefor. There was the actual delivery of the money for the intended purpose and its deposit by Walsh in his name as trustee, and certainly the donor stripped himself of all control of the

subject-matter of the gift. *East Rutherford Savings, Loan and Building Association* v. *McKenzie*, 87 *N. J. Eq.* 375; 100 *Atl. Rep.* 931.

Nor are the contentions that the plaintiff was without right of action and the court without jurisdiction more substantial. The trust, if such it might be called, was without active duties attached. The beneficial interest was in the plaintiff and when defendant failed to so treat it and misappropriated the moneys to its own use, we think she could maintain the action in her own name, and if so the court properly entertained the action.

Besides the only defense pleaded was that the moneys were not the property of the plaintiff.

While the foregoing contentions have been dealt with it is to be noted that none of the objections here raised were presented in the court below, and might well be disregarded. *Walter* v. *Keuthe*, 98 *N. J. L.* 823; 121 *Atl. Rep.* 624. Nor is chapter 62 of the laws of 1916, page 109 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2818, § 163-301), helpful to the appellant. While that act permits review of trials by the judge alone (as here) without the grounds of objection being specifically submitted to the court, this does not permit one to stand by and allow the trial to proceed without objection of any kind or calling to the court's attention the points which it subsequently intends to raise on appeal.

The judgment is affirmed, with costs.